IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE L. HORTON, # R-06097, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1425-JPG |
| ) | |
| DON MATTINGLY, ) | |
| GARY COTHERN, ) | |
| WARDEN, VANDALIA C.C., ) | |
| and DIRECTOR, I.D.O.C, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Vandalia Correctional Center ("Vandalia"). Plaintiff is serving a nine-year sentence. He claims that Defendants improperly placed him in segregation because he refused housing, and that his medical/mental health information was disclosed in violation of federal law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's complaint, and this action, is subject to dismissal for failure to state a constitutional claim.

**The Complaint**

Plaintiff's claims stem from an incident on December 12, 2014, when he refused to return to his housing assignment because he felt unsafe there (Doc. 1, p. 5). According to Plaintiff, Vandalia is for gang-affiliated inmates. Plaintiff did not want to be housed at Vandalia because he is not affiliated with any gang. Defendants Mattingly (mental health worker) and Cothern (correctional officer) "fabricated a story" that caused Plaintiff to be put into segregation for 60 days because he refused housing.

Plaintiff further complains that Defendant Mattingly discussed Plaintiff's mental health status with security staff, in violation of state and federal privacy laws. Although Plaintiff was not under the care of the mental health staff and not on any medications, Defendants "conspired to include a mental health diagnosis" in order to place him in segregation. *Id*. They "falsified documents" to indicate he was severely mentally impaired. However, other documents showed he had no mental health needs. *Id*. The Defendant Vandalia Warden and IDOC Director created a policy that allowed other Defendants to violate federal HIPAA law by disclosing Plaintiff's medical situation to security staff. As a result of Plaintiff's 60 days in segregation, he claims to suffer from severe headaches and depression (Doc. 1, pp. 5-6). He seeks compensatory and punitive damages.

Plaintiff's exhibits include the final summary report from his disciplinary ticket for disobeying a direct order on December 12, 2014 (Doc. 1, p. 12). According to this document, Plaintiff refused three direct orders to leave segregation and return to his housing unit. He was found guilty of the violation and punished with two months in segregation, two months' loss of several privileges, a disciplinary transfer, and the revocation of two months of good conduct credit.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants allowed Vandalia mental health staff to improperly disclose Plaintiff's mental health status, and falsified documents regarding Plaintiff's

      mental health status and/or diagnosis;

      **Count 2:** Defendants Mattingly and Cothern caused Plaintiff to be disciplined with segregation and a loss of good conduct credits based on a fabricated report.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1 - Disclosure of Mental Health Status/Falsification of Documents**

      Plaintiff's claims that mental health staff improperly discussed or disclosed his mental health status do not violate the Constitution. The same is true for the purported falsification of documents regarding Plaintiff's mental health status. As such, these allegations do not give rise to a sustainable federal civil rights claim. Plaintiff's claims for damages on account of any violations of health privacy laws and inaccurate or falsified records are subject to dismissal pursuant to § 1915A for failure to state a claim upon which relief may be granted.

      Related to these statements, Plaintiff asserts that Defendants' "retaliation has created an atmosphere, that makes the administration of a psych med possible" and states that such medication could be "force[d]" on an inmate who is diagnosed as Plaintiff has been (Doc. 1, p. 6). However, Plaintiff does not claim that he was ever forcibly medicated. His speculative statement does not give rise to a claim that his civil rights have been violated by the improper or incorrect diagnosis. Further, Plaintiff's description of the potential for forced medication as "retaliation" is conclusory, and insufficient to state a claim. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (inmate must have engaged in some constitutionally protected activity, and experienced an adverse action in retaliation for the protected activity, that would likely deter such protected activity in the future).

For these reasons, **Count 1** shall be dismissed without prejudice.

**Count 2 – Discipline Based on Fabricated Report**

Plaintiff's other claims for damages stem from his allegedly improper confinement in disciplinary segregation for 60 days following the December 12, 2014, disciplinary ticket.  As noted above, not only did Plaintiff's punishment include segregation, he also lost two months of good conduct credit against his sentence.  Nothing in the pleading or exhibits suggests that this disciplinary action has been reversed.

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Supreme Court recognized that some prisoner civil rights cases straddle the line between what is actionable under § 1983, and what should instead be instituted in a habeas corpus action under 28 U.S.C. § 2254.

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.  Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum time of confinement.

*Muhammad*, 540 U.S. at 750-51 (citations omitted).  *Muhammad* is based on two related decisions: *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).  In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. at 486-87.  In *Balisok*, the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits" are not actionable under § 1983 unless the prison disciplinary decision has

been invalidated, even though the restoration of credits is not sought as a remedy. 520 U.S. at 646-68.

Plaintiff lost two months of his good conduct credits as a result of the disciplinary action that landed him in segregation. Although his complaint does not request restoration of this lost good conduct time, under *Balisok*, he nonetheless may not maintain an action at this juncture for damages based on his placement in segregation for the same disciplinary offense. A finding in favor of Plaintiff in this § 1983 claim would "necessarily imply" that the disciplinary action was invalid, and would therefore run afoul of *Heck* and its progeny. Thus, his civil rights claim only ripens when the disciplinary decision has been reversed or otherwise invalidated. *See Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006). Because the complaint indicates that the disciplinary action remains in full force, Plaintiff's claims in **Count 2** must be dismissed.

The dismissal shall be without prejudice, however, to Plaintiff raising his claim, should he wish to do so, if and when the disciplinary action that revoked the good conduct time and extended the duration of his confinement is overturned. Plaintiff may be able to pursue relief in a federal habeas corpus case, after presenting his claim to the Illinois state courts. This includes appealing any adverse decision to the Illinois Appellate Court and the Illinois Supreme Court. The Illinois courts, for example, have recognized mandamus as an appropriate remedy to compel prison officials to award or restore sentence credit to a prisoner. *See* 735 ILL. COMP. STAT. 5/14-101 *et seq.*; *Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 25, 2016**

*s/J. Phil Gilbert*
United States District Judge